IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, No. K83253, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 15-cv-01085-MJR ) |
| JOHN R. BALDWIN, and SANDRA FUNK, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff James Owens is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to Transfer Coordinator Sandra Funk's repeated denials of his requests for transfer to a lower security prison.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v.*

*Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in January 2014 Plaintiff Owens filed suit against Illinois Department of Corrections ("IDOC") Transfer Coordinator Sandra Funk regarding a 2011 transfer decision. Contemporaneous with Plaintiff lodging suit, Funk denied his request for transfer from Lawrence to Danville Correctional Center, even though the transfer had the approval of the Clinical Services Department. A lack of bed-space was cited as the reason for the denial.

In September 2014, May 2015, and again in August 2015, Funk denied Plaintiff's request for transfer, despite the consistent approval of the Clinical Services Department. The various reasons Funk gave for denying a transfer varied over time, and include Plaintiff's purported "negative adjustment" and "appropriate placement" at Lawrence. In contrast to those stated reasons, Plaintiff learned of documents showing that in April 2015 even the warden had approved a transfer, and his security rating qualifies him for placement at a lower security facility.

Plaintiff attributes Transfer Coordinator Funk's persistent denials to retaliation for his January 2014, lawsuit. Owens further asserts he has been denied equal protection. He seeks declaratory judgment; nominal, compensatory and punitive damages; and injunctive relief. IDOC Director John R. Baldwin is named as a defendant in his official capacity solely for the purposes of injunctive relief.

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations into the following claims:

> **Count 1:** Defendant Sandra Funk, in violation of the First Amendment, denied Plaintiff's transfer on one or more occasions in retaliation for Plaintiff's 2014 lawsuit against her; and
>
> **Count 2:** Defendant Sandra Funk, in violation of the Fourteenth Amendment, denied Plaintiff's transfer on one or more occasions.

## Discussion

### Count 1

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000). In order to state a claim for retaliation for exercising one's First Amendment right, a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions. *Massey v. Johnson,* 457 F.3d 711, 716 (7th Cir. 2006).

The allegations state a colorable First Amendment claim. Filing a law suit is activity protected under the First Amendment. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Being trapped at a higher security, more restrictive prison than one's security classification would normally warrant, could reasonably be perceived as sufficient to deter one from pursuing legal action. Furthermore, retaliation is suggested by the chronology of events, the changing reasons for denying transfer, Plaintiff's level-2 security rating, and that Funk appears to have been the lone voice against transfer. Count 1 shall proceed.

**Count 2**

Count 2 is premised upon the bald assertion in the complaint that Plaintiff was denied equal protection. The essence of an equal protection claim is that an official "singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group[,]" *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996), and that the plaintiff suffered because of his membership in the group that was targeted for discrimination. A so-called "class of one" equal protection claim arises when a plaintiff alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has not shown that he was treated differently in comparison to anyone else. Rather, it appears that Plaintiff is merely attempting to attach another label to his First Amendment claim.

Count 2 will, therefore, be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2**, the Fourteenth Amendment equal protection claim against Defendant Sandra Funk, is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1**, the First Amendment retaliation claim, shall **PROCEED** against Defendant **SANDRA FUNK**.

**IT IS FURTHER ORDERED** that **JOHN R. BALDWIN** shall remain a defendant to this case only in his official capacity for purposes of injunctive relief.  Plaintiff is **ADVISED** that if he desires a preliminary injunction, he must file a motion to that effect.

The Clerk of Court shall prepare for Defendants **SANDRA FUNK and JOHN R. BALDWIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information

shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for joinder of cases (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 23, 2015**

s/ MICHAEL J. REAGAN
**Chief District Judge**