IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:15-cv-1085-NJR-GCS |
| JOHN R. BALDWIN and SANDRA FUNK, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 60), which recommends that the Motion for Summary Judgment filed by Defendant Sandra Funk (Doc. 50) be granted. The Report and Recommendation was entered on December 6, 2018 (Doc. 60). Plaintiff James Owens filed a timely objection to the Report and Recommendation on December 20, 2018 (Doc. 61). For the reasons set forth below, the Court adopts the Report and Recommendation.

### BACKGROUND

Mr. Owens is an inmate in the care of the Illinois Department of Corrections ("IDOC") and housed at Lawrence Correctional Center (Doc. 1). Mr. Owens filed this action under 42 U.S.C. § 1983 for violations of his First Amendment rights (*Id.*). Specifically, he alleges IDOC Transfer Coordinator Sandra Funk denied his requests for transfer in retaliation for Mr. Owens filing a lawsuit against her in 2014 (*Id.*). *See also James*

*Owens v. Gina Allen, et al.*, 14-cv-55-NJR-DGW. In the 2014 lawsuit, Mr. Owens named "John Doe # 3" as a defendant. *Id.* After commencing the suit, Mr. Owens filed requests for transfer, which were denied on September 8, 2014 (Doc. 51, Ex. 2, p. 2); April 17, 2015 (*Id.* at p. 14); and July 24, 2015 (*Id.* at p. 26). On July 9, 2015, the Warden of Menard Correctional Center filed a notice with the Court that identified John Doe # 3 in Mr. Owens's lawsuit as Ms. Funk. *Owens*, 14-cv-55-NJR-DGW, Doc. 25. Mr. Owens amended his complaint on September 23, 2015, to name Ms. Funk as a defendant. *Id.* at Doc. 28.

Ms. Funk filed a Motion for Summary Judgment in this matter, attesting she had no knowledge of Mr. Owens's 2014 lawsuit until she received a request for waiver of service in October 2015, which was after the denial of Mr. Owens's transfer requests (Doc. 51, Ex. 1). She also attests she did not personally review Mr. Owens's transfer requests because her role as the Transfer Coordinator is primarily administrative (*Id.*).

Magistrate Judge Wilkerson recommends granting Ms. Funk's Motion for Summary Judgment because Mr. Owens has not presented any evidence showing the filing of the lawsuit in 2014 was a motivating factor in the denial of his transfer requests (Doc. 60). In his timely objection to the Report and Recommendation (Doc. 61), Mr. Owens argues summary judgment is not warranted because Ms. Funk was identified in his lawsuit as the Transfer Coordinator on July 9, 2015, which was before the denial of one of his requests.

## DISCUSSION

When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR

73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made. *Id.* (quoting 12 Charles Alan Wright et. al, *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)).

To prevail on his First Amendment retaliation claim, Mr. Owens must show that the filing of his 2014 lawsuit was "at least a motivating factor" in Ms. Funk's decision to deny his transfer requests. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). However, Ms. Funk attests she did not personally review or deny Mr. Owens's requests (Doc. 51, Ex. 1), and Mr. Owens has not set forth any competing evidence. Nonetheless, Ms. Funk also attests she did not have knowledge of Mr. Owens's lawsuit until she received a request for waiver of service, which was after Mr. Owens's transfer requests were denied (Doc. 51, Ex. 1). Again, Mr. Owens has not produced any contravening evidence. Instead, he suggests Ms. Funk became aware of the lawsuit when she was identified as John Doe # 3, which was before the denial of one of his requests. But Ms. Funk's affidavit states otherwise, and Mr. Owens's argument is founded on mere speculation; conjecture or speculation cannot defeat a motion for summary judgment. *See Carroll v. Lynch*, 698 F.3d 561, 565 (7th Cir. 2012). Absent any evidence to the contrary, there is no genuine dispute that Ms. Funk was unaware of Mr. Owens's 2014 lawsuit until after his transfer requests were denied. Thus, Mr. Owens cannot possibly show that the lawsuit was a motivating

factor in the denial of his requests, as required to sustain a First Amendment retaliation claim. Accordingly, Ms. Funk is entitled to summary judgment.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 60). Sandra Funk's Motion for Summary Judgment (Doc. 50) is **GRANTED.** Defendant Funk is **DISMISSED with prejudice**. Defendant John R. Baldwin, who remained as a defendant solely for purposes of injunctive relief (*See* Doc. 7, p. 5), is also **DISMISSED with prejudice**.

There being no claims or Defendants remaining in this action, the Clerk of Court is **DIRECTED** to enter judgment and close this case on the Court's docket.

IT IS SO ORDERED.

DATED: February 1, 2019

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**